NATHAN SILVAN v. WILLIAM B. COFFEE.

A claim of innocent purchaser without notice, cannot be sustained under a forged execution; such execution being entirely void, no title could be acquired under it by the purchaser.

Appeal from Caldwell.    Tried below before the Hon. Thomas H. DuVal.

The facts will be found in the Opinion, and in a former report of the same case, 15 Tex. R. 354.

*Chandler & Turner*, for appellant, cited 7 Ired. 151; 2 Bay, 441; Hancock v. Metz, 15 Tex. R. 205; 2 Tidd, Prac. 936; Sydnor v. Rhodes, 13 Tex. R. 617; Woodstock v. Bennett, 1 Cow. 711.

*S. Ford*, for appellee, argued that taking the whole charge together, it was not erroneous, and cited Mercer v. Hall, 2 Tex. R. 285.

HEMPHILL, CH. J. This was a suit to recover town lots which the defendant, Coffee, claimed under a Sheriff's sale upon an execution issued on a judgment rendered by a Justice of the Peace.

The case was before this Court at a previous Term, 15 Tex. R. 354; and having been remanded, the plaintiff by amendment charged that the execution was a forgery.

He attempted to support this by evidence, and asked an instruction to the effect that if the jury, from the evidence, believed the execution to be a forgery and not issued by the justice or his authority, they should find for the plaintiff. This was given with the qualification, to the effect that if defendant was concerned

in the perpetration of such forgery or had notice of the same when he purchased.

This is believed to be erroneous. The question was not of an irregularity, which would make the execution voidable, but which would not affect a purchaser unless it had taken place with his knowledge or participation; but was in relation to a fact which would make the execution absolutely void.

If the execution were forged it was void, and no title could be acquired under it by the purchaser.

The evidence was conflicting, or threw some degree of doubt over the point at issue, though, very possibly the jury would, without the instruction, have found for the defendant, believing, as they might have done from the evidence, that the execution was not forged.

But the instruction had the effect of precluding the jury from inquiring into the fact of forgery, unless it were also proven that the defendant had knowledge of, or was concerned in, the commission of the forgery.

This was an error of such character as to require the reversal of the judgment, and it is accordingly reversed and the cause remanded.

Reversed and remanded.